IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KELLEY DEVELOPMENT, L.L.C., *a/k/a* KELLEY DEVELOPMENT, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> FRANKENMUTH INSURANCE COMPANY, *f/k/a* FRANKENMUTH MUTUAL INSURANCE COMPANY, <br><br> *Defendant.* | CAUSE NUMBER: 1:23-cv-1000 |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

The Plaintiff, Kelley Development, L.L.C., *a/k/a* Kelley Development, LLC, a domestic Indiana limited liability corporation by and through the undersigned counsel, files this Original Complaint and Jury Demand against Frankenmuth Insurance Company, *f/k/a* Frankenmuth Mutual Insurance Company, a Michigan corporation, and states the following in support thereof:

**THE PARTIES**

1. Plaintiff, Kelley Development, L.L.C. a/k/a Kelley Development, LLC (hereinafter, the "Plaintiff"), is a limited liability corporation organized in Indiana with its principal office located at 2570 North Shadeland Ave. Indianapolis, IN 46219, in Marion County, (hereinafter, the "Property")[1] which suffered hail damage during a storm in 2021. Plaintiff had an insurance policy from July 2020 to July 2021 with the Defendant and recovery of damages under said policy is at issue in this matter.

2. Defendant, Frakenmuth Insurance Company, *f/k/a/* Frankenmuth Mutual Insurance Company (hereinafter, the "Defendant"), is an insurance company incorporated in the State of

---

[1] The Property/Plaintiff's principal office at 2570 North Shadeland Ave. Indianapolis, IN 46219 is ~80,000 sq. foot facility with multiple volleyball courts that hosts volleyball tournaments and Team Indiana Volleyball year-round.

1

Michigan, with its principal place of business and management located at 1 Mutual Avenue Frankenmuth, Michigan 48787. Defendant, at times material hereto was authorized to conduct business and issue insurance policies in the State of Michigan. Defendant insured Plaintiff's Property located in Indianapolis, IN and at times relevant hereto, Defendant was engaged in the business of insuring throughout the United States.

## JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to U.S.C. §1332 because there is complete diversity. Plaintiff's principal place of business/state of incorporation is in Indiana, while Defendant's principal place of business/state of incorporation is in Michigan and the amount in controversy, exclusive of interest and costs, far exceeds the sum of $75,000.00.[2]

4. Defendant admitted to being a Michigan corporation for purposes of diversity and provided the proper service address as: Frankenmuth Insurance Company *f/k/a* Frankenmuth Mutual Insurance Company: 1 Mutual Avenue Frankenmuth, Michigan, 48787 in a recent pleading in another United States District Court.[3]

5. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2) because a substantial part of the events (the Storm and damages to the Property) or omissions giving rise to the claim occurred in this district and a substantial part of the property, Plaintiff's Property at 2570 North Shadeland Avenue Indianapolis, IN 46219, is situated in this district.

---

[2] Plaintiff seeks damages equaling $2,211,139.12, exclusive of costs and attorney's fees based on significant storm damages to the Property and supports said demand with a property assessment completed by Restoremaster's Contracting, LLC that recommended total replacement and noted "these damages are covered under property policies for full replacement due to extent of damages throughout entire roof system."

[3] Defendant in the U.S. Eastern District of Michigan confirmed the company name/former name ii) that it is a Michigan corporation, and iii) that the principal place of business/proper address for service is as listed in its complaint dated March 31, 2023. (*Frankenmuth Insurance Company f/k/a Frankenmuth Mutual Insurance Company… v. Gree USA, INC. and MJC America, Ltd.,* 1:23-cv-10751, U.S.D.C. Eastern District of Michigan, p.1-2).

## FACTUAL BACKGROUND

6. Plaintiff owns and/or operates the Property located at 2570 North Shadeland Avenue, Indianapolis, Indiana 46219, which is the subject property of this suit. (Complaint, p. 1, FN. 1).

7. Plaintiff purchased a commercial insurance policy with Defendant, Policy Number 6601317, (hereinafter, the "Policy") that provided coverage of the Property from July 31, 2020, to July 31, 2021. (See Exhibit A: Policy Declaration)

8. The Policy included a replacement cost coverage limit of $4,654,000.00 with a deductible of $1,000.00. (*Id*).

9. Plaintiff paid its Policy premiums at all times required and relevant to this lawsuit and maintained coverage through Defendant.

10. The Policy at issue specifically covered damages caused by wind and/or hail from July 31, 2020, to July 31, 2021. (*Id.*)

11. On or about June 18, 2021, the Property was severely damaged by a hailstorm that involved hail measured at 1.75 to 3.5 inches near the Property, (hereafter referred to as "the Storm"). Hail was also confirmed by historical meteorological data when a trained spotter noted 1.75-inch hail in Warren Park in Marion County, Indiana, just 2 miles away from the Property on weather.gov on the date of loss. (Exhibit B, Storm Data, p.3).

12. The Storm caused the Property to sustain structural and/or exterior damages and ultimately the Property suffered extensive damages to the exterior of the structure, specifically the metal siding and metal roofing.

13. The Storm caused the Property to sustain extensive damages such that a full siding and full roof replacement was warranted.

14. As a result of the damage caused by the Storm, Plaintiff immediately filed a claim with its insurance company, Defendant for damages to the Property and Defendant assigned it claim number 000200119725-67.

15. Plaintiff hired Restoremasters' contractor, Mr. Jake Roseboom (hereinafter, "Mr. Roseboom") to complete an inspection of the Property on or about April 7, 2022. Mr. Roseboom's report confirms hail indentations measuring 3.5" that caused significant damage to the roof. Mr. Roseboom's estimated damages totaled $2,211,139.12.

16. Defendant assigned Syndicate Claim Services, Inc., and Charles Taylor Adjusting, to adjust the claim. Syndicate Claim Services, Inc., drafted an estimate dated June 24, 2021, that included the reglazing of 10 of the 28 skylights. Charles Taylor Adjusting drafted an additional estimate dated February 28, 2022, which included the replacement of 10 skylights with a crane and operator to facilitate the repairs. The estimates totaled $12,286.18.

17. Unhappy with the handling, or lack thereof, of Plaintiff's claim, Plaintiff retained the services of a public adjuster, Premier Claims. Upon Premiere Claims' involvement, additional disputes regarding the structure's roof, exterior and skylights arose.

18. Defendant responded to these disputes by retaining EFI Global to perform a second inspection on or about August of 2022. As detailed below, the Defendant never intended to thoroughly inspect and/or adjust the claim, but rather set out to deny and/or underpay the claim.

19. EFI Global engineer, Mr. Travis Wren, completed a joint inspection with Premiere Claims' building consultant, Mr. Isaac Cummings, Restoremasters' contractor, Mr. Jake Roseboom, and the property manager, Joe Vall.

20. Mr. Wren obtained data from CoreLogic hail verification report that supports 1.7-inch hail on the date of loss. Mr. Wren's report, dated in September, documents hail damage consistent with these findings to the gutters, downspouts, metal siding, and roofing panels. Despite

4

these findings, Defendant ultimately concluded that there was no hail damage to the metal roof panels or metal wall panels and the observed hail indentations on the northeast portion parapet cover and vent caps were merely cosmetic in nature.

21. Defendant disregarded the information presented by Premiere Claims that documented open and obvious damage to gutters, downspouts, metal siding, standing seam roofing panels, roof accessories and parapet coverings, and erroneously refused to modify its coverage decision.

22. Plaintiff submitted evidence and photographs demonstrating hail damage to all elevations of all buildings insured under the Policy.

23. The claim was unreasonably denied and delayed because Defendant wrongfully refused to issue sufficient payment to repair the open and obvious hail damage the storm caused to the Property and failed to address significant areas of damage to the Property. Despite receiving information supporting the covered peril and date of loss claimed from professionals and roofing specialists on Plaintiff's behalf, Defendant refused to reconsider, even upon reinspection and continued to deny coverage and policy benefits.

24. The hail damage to the Property was open and obvious.

25. Upon information and belief, the cost of repairing the hail damage to the Property is more than its $2,211,139.12 demand due to material and labor pricing increases since the date Plaintiff submitted the Proof of Loss nearly a year ago.

26. To date, Plaintiff has not been able to complete the work required because Defendant wrongfully refused to issue payment sufficient to repair the damage the storm caused to the Property, failed to address significant areas of damage to the Property, and failed to provide any payment for all coverage implicated in the Plaintiff's loss. Furthermore, any policy benefits

that should have been provided were unreasonably delayed because Defendant continuously refused to tender payment sufficient to perform the replacement and/or repairs necessary to put Plaintiff back in its pre-loss condition.

27. Despite the clear evidence of covered damage, Defendant engaged in a cycle of tactics designed to deny or delay payment on Plaintiff's claim for repairs to the Property even though the Policy provided coverage for losses such as those suffered by the Plaintiff. Defendant also failed to adequately investigate the Plaintiff's claim for damages, resulting in significant and unreasonable delays in the handling of the Plaintiff's claim.

28. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy for the damages sustained to the Property, although there was an open and obvious claim made for proceeds to be paid in an amount sufficient to cover damage claimed to the Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff.

29. Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damages to the insured Property. The mishandling and/or underpayment of Plaintiff's claim also caused delays in its ability to fully repair the Property which has resulted in additional damages. Defendant's failure to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy constitutes a breach of the insurance contract between Defendant and Plaintiff.

30. To date, Defendants have continued to engage in unreasonable delay tactics to avoid proper payment on Plaintiff's claim. Ultimately, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties.

31. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firms representing Plaintiff with respect to these causes of action.

## COUNTS

32. Paragraphs 1-31 are restated and incorporated here.

**A. Breach of Contract**

33. Defendant had a valid and enforceable contract of insurance (the Policy) with Plaintiff that provided coverage for hail damage to Plaintiff's Property during the period of loss.

34. Plaintiff has fulfilled all conditions precedent of the insurance contract with Defendant, including payment of insurance premiums.

35. Defendant breached the contract by wrongfully delaying, denying and/or underpaying the claim for the covered damages.

36. Plaintiff has been severely damaged because of Defendant's breach of the insurance contract.

**B. Bad Faith Failure to Pay Insurance Benefits**

37. Defendant has a valid and enforceable contract of insurance with Plaintiff. This contract for insurance provides coverage for Plaintiff's losses.

38. Defendant denied benefits to Plaintiff without an objectively reasonable basis for paying Plaintiff less than the benefit owed under the Policy.

39. Defendant knew or had reason to know that it had no reasonable basis for paying Plaintiff less than it was entitled to under the insurance policy; the failure to pay was a proximate cause of damages to Plaintiff, and the monetary damages suffered by Plaintiff as a result were extensive.

40. Defendant knew or had reason to know Plaintiff was owed policy benefits for the properly covered damages.

41. Defendant was aware of the damages from its initial inspections. Defendant delayed in providing Plaintiff the report based on the initial inspection performed by Syndicate Claims Services, Inc. Nevertheless, Defendant improperly delayed and/or denied payments on these claims without any reasonable basis for doing so.

42. Defendant's actions in handling Plaintiff's claim constitutes negligent investigation, settlement and adjusting practices, entitling Plaintiff to recover punitive damages.

43. Defendant's conduct constitutes bad faith.

44. Defendant's conduct was a proximate cause of damages to Plaintiff.

45. Defendant's conduct was malicious, fraudulent, or grossly negligent, entitling Plaintiff to recover punitive damages.

## CONDITIONS PRECEDENT

46. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## JURY TRIAL REQUEST

47. Plaintiff requests a jury trial on its claims.

## DAMAGES AND PRAYER

48. Plaintiff would show that the acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

49. Plaintiff made a sworn statement about said proof of damages dated October 25, 2022. (Exhibit 4 Proof of Loss).

50. Plaintiff hereby reserves the right to modify the amount and type of relief sought in the future.

51. Plaintiff requests entry of judgment against Defendant for all actual, contractual, compensatory, and consequential damages, including punitive damages not to exceed nine times Plaintiff's actual damages, plus costs, interest, and attorneys' fees, as allowed by law.

52. Plaintiff also requests any other and further relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

WHEREFORE Plaintiff, Kelley Development L.L.C.., who owns and operates the Property, a more than 80,000 sq. foot gymnasium that hosts young athletes and their families year-round, prays for an entry of judgment against its insurer Defendant, Frankenmuth Insurance Company *f/k/a* Frankenmuth Mutual Insurance Company, for all actual, contractual, compensatory, and consequential damages, including punitive damages in an amount not to exceed nine times Plaintiff's actual damages, plus costs, interest, and attorneys' fees as allowed by law for Defendant's breach of contract of the Parties' insurance Policy and Defendant's bad faith failure to pay Plaintiff insurance benefits under the Policy.

Dated: June 8, 2023

Respectfully submitted,

*/s/ Maura K. Kennedy*, #31745-49
**THE LAW OFFICE OF MAURA K. KENNEDY, L.L.C.**
Maura K. Kennedy
P.O. Box 55587
Indianapolis, IN 46205
Phone: (317) 370-8795
Fax: (317) 536-3981
Email: Attorneymaurakennedy@gmail.com
**Attorney for Plaintiff Kelley Development, L.L.C.,** *a/k/a* **Kelley Development, LLC**

EXHIBIT LIST:

Civil Cover Sheet
Exhibit A Policy Declaration
Exhibit B Storm Data 6 18 21
Exhibit C Meteorological Map with Hail Picture
Exhibit D Proof of Loss?

ECF DISTRIBUTION:

**Plaintiff Kelley Development, L.L.C.,** *a/k/a* **Kelley Development, LLC**
Maura K. Kennedy
P.O. Box 55587
Indianapolis, IN 46205
Phone: (317) 370-8795
Fax: (317) 536-8931
E-mail: Attorneymaurakennedy@gmail.com

U.S.P.S. MAIL-CERTIFIED:

Frankenmuth Insurance Company
*f/k/a* Frankenmuth Mutual Insurance Company
1 Mutual Avenue
Frankenmuth, Michigan 48787
Defendant

## CERTIFICATION OF SERVICE

I hereby certify that on June 8, 2023, I electronically filed the foregoing Original Complaint and Jury Demand with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed the document to the following non-CM/ECF participants, first class certified mail:

Frankenmuth Insurance Company
*f/k/a* Frankenmuth Mutual Insurance Company
1 Mutual Avenue
Frankenmuth, Michigan 48787
Defendant

Respectfully submitted,

*/s/ Maura Kennedy*, #31745-49
**THE LAW OFFICE OF MAURA K. KENNEDY, L.L.C.**
Maura K. Kennedy
P.O. Box 55587
Indianapolis, IN 46205
Phone: (317) 370-8795
Fax: (317) 536-3981
E-mail: Attorneymaurakennedy@gmail.com
**Attorney for Plaintiff Kelley Development, L.L.C.,** *a/k/a* **Kelley Development, LLC**